UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEENAN K. COFIELD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV1390 RWS |
| | ) | |
| KEEFE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Keenan K. Cofield's motion for leave to commence this action without payment of the required filing fee.[1] (Docket No. 2). For the reasons stated below, the Court will grant the motion and assess plaintiff an initial partial filing fee of $13.94. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

A prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. *Id.* After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

---

[1] This motion was previously denied without prejudice because, *inter alia*, plaintiff failed to include the financial information required by 28 U.S.C. § 1915(a)(2). Because plaintiff has since submitted sufficient financial information, the Court will now vacate the prior order to the extent it denied the motion, and will consider the motion on its merits.

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

A review of plaintiff's account indicates an average monthly balance of $69.68. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.94, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)(2)(B)

The Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give it the benefit of a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of

a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951–52.

## The Complaint

Plaintiff, a prisoner, seeks injunctive and monetary relief in this 42 U.S.C. § 1983 action against Keefe Corp., Keefe Group, Inc., Keefe Commissary Network, Keefe, Inc., and Keefe Commissary Network Sales. Plaintiff complains that, in the past, present and future, he purchased "Tide Pods" from the prison commissary at a cost of $8.13 to $8.43, when the same items cost much less at regular retail and wholesale stores. (Docket No. 1 at 2). Plaintiff also states that other items "ranging from snack food items to personal care products to clothing and electronics" are priced higher in the prison commissary than they are at local stores outside the prison. (*Id.*) Plaintiff asserts that the defendants are engaged in a scheme to defraud him and other incarcerated persons across the United States. Plaintiff seeks, inter alia, an award of $10,000,000.00 in compensatory damages and $25,000,000.00 in punitive damages from each defendant, and an injunction ordering defendants to stop selling items "at higher inflated prices." (*Id.* at 5). Plaintiff also requests "class action status" and asks that defendants be ordered to pay into a fund for refunds to the class in the amount of $2,000,000,000.00.

## Discussion

As an initial matter, the Court considers plaintiff's statement: "request for class action-status." (*Id.*). Based upon plaintiff's filings, it is apparent that plaintiff intends to act as a class representative. However, the complaint does not allege the required prerequisites to pursue a class action. *See* Fed. R. Civ. P. 23. Even if it did, plaintiff, as a pro se litigant, would not be able to represent other parties, even in a class action proceeding. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to allow incarcerated inmate to represent fellow inmates in class action); *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (person not licensed to practice law may not represent another individual in federal court); *Craig v. Cohn*, 80 F.Supp.2d 944, 946 (N.D. Ind. 2000) (citations omitted) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") Therefore, to the extent plaintiff can be understood to attempt to initiate a class action and/or represent the interests of anyone other than himself, such request is denied, and all claims plaintiff attempts to bring on behalf of other inmates are dismissed. The Court will proceed to treat the complaint as affecting only plaintiff's interests.

Turning to the merits of plaintiff's claims relative to the over-pricing of prison commissary items, the Court will dismiss this action as legally frivolous, because such claims simply are not cognizable under § 1983.[2] To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (*quoting Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). "Commissary prices implicate no constitutional right . . . [a

---

[2] In his complaint, plaintiff lists a string of statutes other than 42 U.S.C. § 1983, presumably in an attempt to assert they provide him a form of relief on his claims. However, plaintiff fails to plead any facts permitting the conclusion that the cited statutes provide any basis for relief on plaintiff's claims in this matter.

prisoner has] no constitutionally protected interest in commissary privileges or commissary prices." *Poole v. Stubblefield*, 2005 WL 2290450, at *2 (E.D. Mo. Sept. 20, 2005) (internal quotation omitted); *see also Bright v. Thompson*, 2011 WL 2215011, at *4 (W.D. Ky. June 6, 2011) (inmate has no federal constitutional right to purchase items from a commissary at a certain price); *Vega v. Rell*, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary); *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases fails to state a claim of violation of constitutional rights cognizable under § 1983); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary); *McCall v. Keefe Supply Co.*, 71 F.App'x 779, 780 (10th Cir. 2003) (inmate's claim that commissary charged outrageous prices failed to state a constitutional claim); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed.")

For all of the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order of September 14, 2016 (Docket No. 4) is vacated to the extent it denies plaintiff's motion for leave to proceed in forma pauperis without prejudice, and plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this order, plaintiff must pay an initial filing fee of $13.94. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's complaint, and all of his causes of action against defendants, are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of September, 2016.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE